**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Petramala, | No. CV-23-00318-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| City of Scottsdale, et al., | |
| Defendant. | |

On February 20, 2024, the Court of Appeals referred this matter back to this Court "for the limited purpose of determining whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or take in bad faith." (Doc. 29 at 1.) The Court finds Plaintiff's appeal legally frivolous for the following reasons.

Federal Rule of Appellate Procedure 24(a)(3) provides that:

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> (A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

*Id.*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is taken in good faith if it seeks review of any issue that is non-frivolous. *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). A "good faith" appeal must seek review of at least one "non-frivolous" issue or claim. *Id.* An issue is "frivolous" where it "lacks an arguable basis either in law or in fact." *Neitze v. Williams*, 490 U.S. 319, 325 (1989). Legally frivolous claims are those "based on an indisputably meritless legal theory," such as against defendants who are immune from suit or for infringement of a legal interest that clearly does not exist. *Id.* at 327. Factually frivolous claims are those premised on "clearly baseless" factual contentions, such as claims "describing fantastic or delusional scenarios." *Id.* at 327-28.

All of Plaintiff's claims stem from his inclusion in the National Instant Criminal Background Check System ("NICS") database in 2004. (Doc. 1.) Plaintiff claims the City of Scottsdale ("the City") refuses to remove him from NICS and requires him to pay the removal fee that he cannot afford. (*Id.* ¶¶ 6-8) Plaintiff also alleges that the City refused to hire him in the police department due to a disability. (*Id.* ¶ 5.) Plaintiff also alleges the City violated the Fair Dept Collections Practices Act, which Plaintiff claims "mandated that [the City] provide verification of his NICS debt" and the City failed to do so. (*Id.* ¶ 9.)

The Court found that the Complaint failed to satisfy the basic notice of pleading requirements under Federal Rule of Civil Procedure 8. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Complaint fails to adequately allege its theory of liability under the Americans With Disabilities Act and the Rehabilitation Act, the Fair Debt Collections and Practice Act, and the alleged civil rights violations. The Complaint fails to allege municipal liability against the City in a manner that is consistent with Supreme Court precedent. *See Monell v. Dept of Soc. Serv. of the City of N.Y.*, 436 U.S. 658, 691 (1978). The Complaint fails to assert the elements of each claim for relief and, more so, it fails to allege facts supporting each element.

Furthermore, Plaintiffs claims were barred under the doctrine of *res judicata*. "Res judicata, also known as claim preclusion, applies only where there is (1) an identity of

claims, (2) a final judgment on the merits, and (3) privity between parties." *Turtle Island Restoration Network v. U.S. Dept. of State*, 673 F.3d 914, 917 (9th Cir. 2012) (cleaned up). The Court took judicial notice that Plaintiff filed other cases raising similar issues, including *Petramala vs. City of Scottsdale*, No. CV-19-00063-PHX-SPL, 2020 WL 1952594 (D. Ariz. Apr. 23, 2020), *Petramala v. Arizona,* No. CV-19-00029-PHX-DWL, 2020 WL 3078380 (D. Ariz. June 10, 2020), *Petramala v. City of Scottsdale*, No. CV-17-02449-PHX-DLR, 2018 WL 6422178 (D. Ariz. Sept. 6, 2018), *aff'd*, 776 F. App'x 508 (9th Cir. 2019), and *Petramala v. U.S. Dep't of Just.*, No. CV 10-2002-PHX-FJM, 2011 WL 3880826 (D. Ariz. Sept. 2, 2011), *aff'd*, 481 F. App'x 395 (9th Cir. 2012). Based on the Complaint and Motion to Dismiss, the Court found the lawsuits arise from the same nucleus of facts and allege virtually identical causes of action. (*See* Docs 1, 18.) The same nucleus of facts include that the City (1) entered Plaintiff into NICS and required him to pay a fee that he could not afford to be removed, (2) victimized Plaintiff by declaring him mentally defective and entered him into NICS, (3) failed to verify his NICS debt pursuant to the Fair Debt Collections and Practice Act. *Id.*

In addition, though Plaintiff fails to allege facts to identify any specific events, (*see* Doc. 1.), the events identified in the preceding cases are from 2004, 2007, and 2017, and are outside the statute of limitations period for 42. U.S.C. § 1983 claims. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) ("For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions.") In Arizona, the statute of limitations for personal injury claims is two-years. A.R.S. § 12-542.

The Complaint also does not allege facts regarding discrimination violations. The City identifies one event that Plaintiff may be referring to, Plaintiff's 2019 application to be a police officer. (Doc. 18 at 6-7.) To the extent that there was a claim arising out of the 2019 police officer application, Plaintiff cannot state a claim for discrimination because he is a prohibited possessor, and as a matter of law, he cannot hold such a position. *See* 2011 WL 3880826, at *2 ("[Petramala] falls squarely within the definition of 18 U.S.C. § 922(g)(4) as one who had been adjudicated as a mental defective due to mental illness or

incompetency. A court found [him] criminally incompetent, appointed a guardian to manage his affairs because it found him incapable of providing for his own needs, and implicitly found that he posed a danger to himself or others by ordering him not to possess a firearm.").

Finally, the Court found that Plaintiff lacked Article III standing to assert these claims against the City. Article III, section 2 of the United States Constitution limits the jurisdiction of federal courts to only "Cases" and "Controversies." *Massachusetts v. EPA*, 549 U.S. 497, 516 (2007). The City cannot be ordered to remove Plaintiff from the NICS databased because the City did not place Plaintiff on the NICS database and it lacks the ability to remove him from it. *See* 2020 WL 3078380, at *1 ("Although *Younger* abstention arguably applies in this circumstance, the most obvious jurisdictional impediment is standing—because the City did not impose the sanction award, Petramala's injury is not fairly traceable to the City and an injunction and/or declaration directed at the City would not redress Petramala's alleged injuries.")

Because the Court has not found that "at least one issue or claim" Plaintiff presents for appeal is "non-frivolous," *Hooker*, 302 F.3d at 1092, the Court certifies that the proposed appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3).

Accordingly,

**IT IS ORDERED** directing the Clerk of Court, pursuant to Federal Rule of Appellate Procedure 24(a)(4), to immediately notify Plaintiff and the Ninth Circuit Court of Appeals of this Order. The Court advises Plaintiff that he may seek leave to proceed in forma pauperis on appeal by filing such a motion in the Ninth Circuit Court of Appeals within 30 days of service of this Order. Fed. R. App. P. 24(a)(5). Any such motion "must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action." *Id.*

Dated this 28th day of February, 2024.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge