**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Petramala, | No. CV-23-00318-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| City of Scottsdale, et al., | |
| Defendant. | |

Before the Court is Plaintiff's Motion for Transcripts at Government's Expense and Motion for NICS Removal Injunction Pending Appeal (Doc. 30).

Plaintiff requests that the Court provide transcripts for the motion to dismiss oral argument held on February 8, 2024. (Doc. 30 at 1.) Plaintiff claims that the government should pay for these transcripts pursuant to 28 U.S.C. § 753(f) because he is an in forma pauperis litigant. (*Id.*) The City of Scottsdale ("the City") argues that the Court certified that Plaintiff's in forma pauperis status should not continue on appeal, and thus, no transcripts should be provided at the government's expense. (Doc. 34 at 2.)

Under 42 U.S.C. § 753(f), "[f]ees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)."

Here, the Court certified in its February 28, 2024 Order "that the proposed appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3)." (Doc. 33 at 4.) For similar reasons

discussed in that Order (Doc. 33), the appeal also does not present a substantial question within the meaning of 28 U.S.C. § 753(f). As such, the Court denies Plaintiff's request for transcripts at the government's expense.

Plaintiff also moves for injunctive relief to remove him from the National Instant Criminal Background Check System database pending appeal. (Doc. 30 at 2.) The City argues that the Court lacks jurisdiction to hear Plaintiff's Motion because Plaintiff has already filed a notice of appeal. (Doc. 34 at 2.)

The filing of a notice of appeal generally divests the trial court of jurisdiction. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400 (1982) (per curiam); *Natural Resources Defense Council, Inc. v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th 2001). "This rule is judge-made; its purpose is to promote judicial economy and avoid the confusion that would ensue from having the same issues before two courts simultaneously." *Natural Resources Defense Council*, 242 F.3d at 1166.

Here, Plaintiff filed his notice of appeal on February 15, 2024 (Doc. 27). One exception to this principle lies in Rule 62(d), Fed. R. Civ. P., which permits a district court to "suspend, modify, restore, or grant an injunction" pending an appeal. *Id.* This exception, however, does not apply in this case because this Court did not grant a judgment regarding an injunction. Rule 62 "does not restore jurisdiction to the district court to adjudicate anew the merits of the case," which is the essence of Plaintiff's Motion here. *See McClatchy Newspapers v. Central Valley Typographical Union No. 46, Intern. Typographical Union*, 686 F.2d 731, 734 (9th Cir. 1982). The Court therefore finds it lacks jurisdiction.

Accordingly,

**IT IS ORDERED denying** Plaintiff's Motion for Transcripts at Government's Expense and Motion for NICS Removal Injunction Pending Appeal (Doc. 30).

Dated this 4th day of March, 2024.

Michael T. Liburdi
United States District Judge

- 2 -